# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BRIAN GUERTIN,**

       **Plaintiff,**

**v.**                                 **Case No:  6:12-cv-301-Orl-31KRS**

**UNITED RENTALS, INC., MAGNUM PRODUCTS, LLC and CEQUENT PERFORMANCE PRODUCTS, INC.,**

       **Defendants.**

## ORDER

This cause comes before the Court on a Motion to Dismiss a crossclaim (Doc. 52), filed by Defendant/Cross-Defendant, Cequent Performance Products, Inc., ("Cequent"), and a Response (Doc. 53) filed by Defendant/Cross-Plaintiff, Magnum Products, LLC ("Magnum").

**I. Background**

This is a product liability action filed by Plaintiff on February 23, 2012, after he was injured by an allegedly defective "mobile light tower" manufactured and distributed by Defendant Magnum. Plaintiff rented the defective tower at Defendant United Rentals, Inc., and was injured on July 25, 2009 when one of the winches on the tower malfunctioned, causing the tower to crash down. As the tower fell, the hand crank attached to the winch "sp[u]n freely under the weight of the light tower" and struck Plaintiff's hand, causing serious injury. (Doc. 36 at 4). According to the Crossclaim, (Doc. 39), Cequent manufactured and sold the allegedly defective winch to Magnum. Magnum then used the winch as a component in its mobile light tower.

The Second Amended Complaint (Doc. 36) asserts two causes of action against three Defendants: strict products liability against all Defendants (Count I), and negligence against only Defendant United Rentals (Count II). On June 21, 2012, Magnum filed a crossclaim against Cequent, (Doc. 39), asserting two claims, common law indemnity (Count I), and contribution (Count II). Cequent now moves to dismiss both Counts pursuant to Fed. R. Civ. P. 12(b)(6). Magnum withdrew Count II in light of the arguments raised by Cequent, (Doc. 53, ¶ 12), thus, only Count I remains.

## II. Standard

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see, e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.' " *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing Fed. R. Civ. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to

relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *Id.* at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950-1951 (2009).

**III. Discussion**

Under Florida law, a party must prove three elements to prevail on a claim for common law indemnity: (1) the party seeking indemnification must be without fault—i.e. "its liability must be vicarious and solely for the wrong of another;" (2) indemnification can only come from a party who was at fault; and (3) there must be a "special relationship" between the parties. *Dade County Sch. Bd. v. Radio Station WQBA*, 731 So. 2d 638, 642 (Fla. 1999). Cequent argues that Count I of the Crossclaim should be dismissed because it fails to allege that Magnum was without fault. It does allege, however, that Magnum "denies all allegations of wrongdoing," (Doc. 39, ¶ 8), that Magnum's liability is solely "vicarious or derivative," (Doc. 39, ¶16), and that Cequent "should bear the complete responsibility . . . [because] . . . Guertin's alleged injuries are the proximate and direct result of a defect in the subject winch made by Cequent." (Doc. 39, ¶¶ 15-16). This is sufficient to survive a motion to dismiss. Cequent's remaining argument that Magnum did "little more than recite the elements" is without merit—as is its request for a more definite statement.[1]

It is therefore,

**ORDERED** that Cross-Defendant's Motion to dismiss (Doc. 52) is **DENIED.**

---

[1] Cequent does not point out the specific defects or the details it desires. Fed. R. Civ. P. 12(e).

- 3 -

**DONE** and **ORDERED** in Orlando, Florida on October 5, 2012.

                                                                          _____
                                                                          GREGORY A. PRESNELL
                                                                          UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties